IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00041-PSF-CBS

CHRISTOPHER J. TRINCERI,

    Plaintiff,

v.

BOUNDLESS MOTOR SPORTS RACING, INC.
d/b/a DIRT MOTOR SPORTS,

    Defendant.

## PROTECTIVE ORDER

The Court, having reviewed the parties' Stipulated Motion for Protective Order filed in the above-captioned action, hereby Orders as follows:

1. The documents marked as "CONFIDENTIAL" which have been or will be disclosed by Defendant contain sensitive and confidential information (hereinafter "Confidential Documents" and "Confidential Information"), subject to the provisions of paragraph 13 below. Documents so designated and all copies, extracts, compilations and summaries thereof shall be used and disclosed only as permitted herein.

2. No person other than Plaintiff, Plaintiff's attorneys of record and regular employees of Plaintiff's attorney to whom it is necessary that the material be shown for purposes of this litigation, and retained independent experts or consultants are to be allowed to see all or any part of said documents. Prior to disclosure to experts, the expert must first sign an acknowledgment to be subject to the jurisdiction of this Court and to abide by all terms of this

Protective Order, including no disclosure of any Confidential Documents or Confidential Information to any third parties.

  3. In the instance of testimony at deposition or at trial, any counsel of record present may invoke the provisions of this Order by advising others present in a timely manner, giving adequate warning that testimony being given is deemed "CONFIDENTIAL." The reporter shall then mark the portions of the transcript for which such warning was given as "CONFIDENTIAL." The provisions of this paragraph may be invoked for the witness' entire testimony upon the commencement thereof, in which case counsel invoking the Protective Order shall, within thirty (30) days after receipt of the transcript, designate each page containing Confidential Information and circulate such designation to all other counsel.

  4. In addition to, but not in lieu of paragraph 3, a party may also designate information disclosed at a deposition as CONFIDENTIAL by notifying all of the parties, in writing, within thirty (30) calendar days after receipt of the transcript by the designating party, of the specific pages and lines of the transcript which should be treated as CONFIDENTIAL thereafter. Each party shall attach a copy of such written notice or notices to the face of the transcript and each copy thereof in his/her possession, custody or control.

  5. Confidential Documents and Confidential Information shall be used by Plaintiff solely in connection with this litigation, and not for any business, competitive, or commercial purpose or function. All Confidential Documents and Confidential Information designated hereunder shall be kept in secure facilities at the office of Plaintiff's attorney and shall not be distributed out of such office (whether in hard copy, electronic form or otherwise), except that

Confidential Documents and Confidential Information may be provided to retained experts or consultants provided that the requirements set forth in Paragraph 2 have been met..

6. A party may use Confidential Documents or Confidential Information in any affidavit, briefs, memoranda of law, or other papers filed in this litigation but any such documents shall be maintained under seal by the Court. Documents containing Confidential Documents or Confidential Information, including briefs or other papers which incorporate or disclose Confidential Information, where filed with the pleadings or as evidence, shall bear the warning on their first pages or on pages containing Confidential Information, shall be delivered sealed to the Clerk of the Court, and shall not be available for public inspection.

7. Documents or information designated for protection pursuant to this Protective Order may be introduced into evidence or otherwise disclosed in confidential Court proceedings after notice to counsel to all parties. All such documents or information shall continue to be subject to this Protective Order.

8. Nothing herein shall prevent disclosure beyond the terms of this Order if Defendant consents in writing to such disclosure, or if the Court, after notice to Defendant, orders such disclosure. Nor shall anything herein prevent counsel of record from utilizing Confidential Documents or Confidential Information in the examination or cross-examination of any person who is indicated on the document as being an author, source or recipient of the Confidential Document or Confidential Information.

9. Nothing in this Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, such additional protection with respect to

documents or other discovery material as that party may consider appropriate, nor shall any party be precluded from claiming that any matter designated hereunder is not entitled to protection, or that a lesser form of protection than designated is appropriate in view of that party's need to disclose such information to persons other than those qualified under this Protective Order.

10. The inadvertent or unintended disclosure pursuant to discovery in this lawsuit of Confidential Documents or Confidential Information, regardless of whether the document(s) or information was designated at the time of disclosure, shall not in this action be deemed a waiver in whole or in part of a subsequent claim of protected treatment under this Protective Order, either as to the specific information and/or document(s) disclosed or as to any other information and/or document(s); provided that the discovery of the inadvertent disclosure is made in a timely fashion following that disclosure and prompt written notice of the claim of confidentiality is given.

11. Plaintiff shall be obliged to challenge the propriety of a designation as CONFIDENTIAL by written objection within thirty (30) court days of receiving the designated documents or information. In the event that such challenge to a designation is made, the parties shall first try to resolve the dispute in good faith and on an informal basis. If the dispute or challenge cannot be resolved, then Plaintiff shall be required to move for an Order removing or changing the designated status of such documents or information. For removal of the designated status, Plaintiff shall have the burden of establishing that one of the exceptions listed in paragraph 13, below, applies to such information. Until such time as the dispute is resolved, such

designated documents or information shall be maintained, as designated, in accordance with this Protective Order.

12. The parties may, by written stipulation, provide for exceptions to this Protective Order and any party may seek an Order of this Court modifying this Protective Order.

13. Subject to the provisions of paragraph 11, nothing shall be regarded as CONFIDENTIAL information if it is information that either:

    a. Is in the public domain at the time of disclosure, as evidenced by a written document;

    b. Becomes a part of the public domain through no fault of the receiving party;

    c. The receiving party can show that the information was in its rightful and lawful possession;

    d. The receiving party lawfully receives such information at a later date from a third party without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party; or

    e. Is information of a non-sensitive nature, which if disclosed to outside persons would not reveal technical or business advantages of any party.

14. After the conclusion of this lawsuit, including any appeals, Plaintiff's attorney shall return to Defendant's attorney all documents marked as "CONFIDENTIAL" or other Confidential Documents or Information within thirty days, including, but not limited to, all copies of Confidential Documents or Information provided to retained experts or consultants.

Notwithstanding the return of Confidential Documents and Information, all parties shall continue to be bound by their obligations of confidentiality and other obligations hereunder.

DATED at Denver, Colorado, this 18th day of April, 2006.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge